```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KARIF PATTERSON,

                          Plaintiff,           ORDER
                                               12 CV 6300 (ARR) (LB)
          -against-

CITY UNIVERSITY OF NEW YORK,

                          Defendant.
-----------------------------------------------------------------X
```

**BLOOM, United States Magistrate Judge:**

Plaintiff requests to re-open discovery for the limited purpose of deposing Martin and Jennings, two of defendant's employees; defendant opposes plaintiff's request and plaintiff has replied. (ECF Nos. 25, 27, 28.) Judge Ross referred plaintiff's request to me. (ECF No. 26.) For the reasons set forth below, plaintiff's request is denied.

First, plaintiff's request is untimely. Rule 56(d)[1] only "applies to summary judgment motions made *before* discovery is concluded." <u>Lugo v. Shinseki</u>, 06 Civ. 13187 (LAK)(GWG), 2010 U.S. Dist. LEXIS 49732, at *49 (S.D.N.Y. May 21, 2010); <u>accord</u> <u>Indergit v. Rite Aid Corp.</u>, 08 Civ. 9361 (PGG),08 Civ. 11364 (PGG), 2010 U.S. Dist. LEXIS 32322, at *31 (S.D.N.Y. Mar. 31, 2010). Discovery in this action closed on November 22, 2013, after the parties requested and were granted three extensions of the discovery deadline. (<u>See</u> Order dated October 17, 2013.) Although plaintiff argues that his motion is timely as he only learned of the alleged discriminatory remarks on March 3, 2014, plaintiff provides no explanation for his failure to depose Martin and Jennings during the nine months of discovery. Accordingly, plaintiff's request to re-open discovery is denied.

---

[1] This rule was previously numbered 56(f).

In any event, even if timely, plaintiff's request for additional discovery lacks merit. Fed. R. Civ. P. 56(d) provides that: "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery." Plaintiff's counsel attaches his own affirmation in support of this request. (ECF No. 25-1.) Plaintiff's counsel affirms that plaintiff only learned in March 2014 that Martin and Jennings overheard Dean Kollisch make discriminatory comments in February 2012. As an initial matter, it is improper for plaintiff's counsel to swear to facts and events in lieu of plaintiff.[2] Furthermore, plaintiff's counsel fails to explain why the "new" information could not, with reasonable diligence, have been obtained within the discovery period. See Gualandi v. Adams, 385 F.3d 236, 244 (2d Cir. 2004) (stating that a party requesting further discovery under 56(d) must submit an affidavit showing "what efforts affiant has made to obtain them" and "why the affiant's efforts were unsuccessful"); see also Lugo, 2010 U.S. Dist. LEXIS 49732, at *48 (stating the same).

Plaintiff also fails to demonstrate that Martin and Jennings' proposed testimony would be "'reasonably expected to create a genuine issue of material fact.'" Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 303 (2d Cir. 2003) (quoting Gurary v. Winehouse, 190 F.3d 37, 43 (2d Cir. 1999)); see also Muller v. Twentieth Century Fox Film Corp., 794 F. Supp. 2d 429, 448 (S.D.N.Y. 2011) ("Relief under Rule 56(f) will be denied if the discovery appears irrelevant to the issue to be adjudicated."). Title VI "prohibits only intentional discrimination." Alexander v. Sandoval, 532 U.S. 275, 280 (2001). In addition to the third-hand recounting of these alleged comments, the statements attributed to Kollisch do not relate to plaintiff or the challenged exam. "Stray remarks are insufficient to raise an inference of discrimination." Soliman v. Deustche

---

[2] Plaintiff's counsel repeatedly references "Pl.'s Dec."; however, no declaration was attached to the instant motion.

Bank AG, 03 Civ. 104 (CBM), 2004 U.S. Dist. LEXIS 9087, at *25 (S.D.N.Y. May 19, 2004). Moreover, Kollisch's alleged remarks were not made in or around the time that plaintiff was denied permission to re-take the exam.[3] See Henry v. Wyeth Pharms., Inc., 616 F.3d 134, 149 (2d Cir. 2010) (discussing that courts should consider "when the remark was made in relation to the [adverse] decision at issue" and "the context in which the remark was made (i.e. whether it was related to the decision-making process"); compare with Tolbert v. Queens Coll., 242 F.3d 58, 72 (2d Cir. 2001) (finding that a statement was not a stray remark when made by "a professor in the Department in direct response to a question focusing on ethnicity, in a meeting called by the Department chair expressly for the purpose of discussing why [plaintiff] had been graded as he had"). Plaintiff establishes no nexus between Kollisch's alleged comment and defendant's decision not to allow plaintiff to re-take the exam. See Johnson v. Cnty. of Nassau, 480 F. Supp. 2d 581, 601 (E.D.N.Y. 2007) (concluding that a discriminatory comment, "standing alone, is insufficient to raise an inference of discrimination [when] there is no nexus between [the] remark and any of the alleged adverse acts").

Accordingly, plaintiff's motion to re-open discovery or for additional discovery pursuant to Fed. R. Civ. P. 56(d) is denied. As previously directed, defendants shall file the fully briefed motion for summary judgment by April 2, 2014.

SO ORDERED.

                                                /S/
                                       LOIS BLOOM
                                       United States Magistrate Judge

Dated: March 21, 2014
       Brooklyn, New York

---

[3] Defendant's opposition further argues that Kollisch was not involved in the decision to terminate plaintiff. However, the Court accepts plaintiff's allegations as true for the purposes of this motion.